Judge Robertson
delivered the opinion of the Court.
Davis sued Wickliffe on assumpsit. The declaration contained three counts. The first two, were indebitatus assumpsit, for money had and received. The last was a special count .on a promise by Wickliffe, as a lawyer, to collect certain costs by executions, to which Davis, his client, was entitled; assigning for breach, that he neglected to collect the costs.
On the general issue, the jury found a verdict for Davis, for ’$312.
The proof was, that Wickliffe, as the attorney of Davis, had obtained judgments for costs, against several persons in the Federal court, during the existence of the two years replevin act, and had collected the amount in notes, of the bank of the commonwealth. There was no proof of any express authority from Davis, to receive bank paper.
Davis, on this evidence, had no right to -recover on either of the first counts. The proof did not correspond with the cause of action laid on either of them, Assumpsit for money had and received, cannot be sus-fained,when property, and not money, was the con-sidération of the assumpsit; I. J. J. Marshall, 543, in the case oí rritchard vs. f ord, and the authorities there cited.
In V. Burrow, 2589, in an action of assumpsit, for money had. and received, it being proved, that stock. *70 in the public funds, and not money, bad been.received,. Lord Mansfield said, “this is a new species of property, which has arisen, within the compass of a few years. It is not money. We are all of opinion, thafc this action, for money had and received, will not lie in the present case, where no money was received.”
Tort and as-sumpsit cannot be joined.
Depreciated bank notes are not money. A motion for bank paper, received by an officer may be sustained; because the spirit and reason of the act, authorizing a motion for money, apply to such a case. But a declaration must apprise the defendant of the specific cause of action. Proof of an assumpsit to pay paper or its equivalent, for paper received, does not correspond with a count, for money had and received. The variance is material.
The court ought therefore to have sustained, the motion for a non-suit, unless the last count be sufficient.
It is objected to this count, that it is in tort, and therefore, could not be joined with the others, in as-sumpsit. Tort and assumpsit cannot be joined. But we have no doubt, that all the counts are in assump-sit.
If therefore, the jury believed from fhe testimony that Wickliffe had no right to collect any thing but silver, either by express or implied authority, (whether he had either, or not, we cannot now decide,) they had a right to find a verdict, for whatever damage Davis had' sustained; and, consequently, there ought not, on this count,, to have been a non-suit. But the verdict cannot be sustained. It is either for the value of the commonwealth’s paper, received by Wickliffe, or for the nominal" amount, in specie, of the executions. We are unable to ascertain the amount collected, as there is no proof on that subject, in the: record.
If the two first counts, had been for the receipt of' commonwealth's paper then the verdict ought to have been for its value. But as there could be no recovery on either of them, both being for money received, the jury could find only the amount of damage which Davis had actually sustained, Eccles vs. Stephenson, III. Bibb, 520.
If an attorney fail to collect money, and is sued, he is only responsible for the damages actually sustained by his client, by such failure.
? If attorney collect paper, in lieu of specie, without authority, he is responsible as for failing to collect.
Milk, Crittenden and Dam, for appellant; Denny, for appellee.
As the third count is for failing to collect the money, Wickliffe is responsible on that count, only for such damages, as Davis may have sustained, by his failure. He is not responsible on sucha count, for the money which he received, or its value. If he received the amount in specie, a suit could not be maintained, for neglecting to collect it, because such an averment would be falsified by the proof.
If, having collected the amount in paper, without authority, he is liable as for a failure to collect it; he can be made responsible to no greater extent than he might have been, if he had neglected to collect any thing. Davis disavows his authority to receive commonwealth’s paper. He charges Wickliffe with neglecting to collect any thing/ He cannot therefore, on the last count, claim the benefit of what he has collected.
What then was the damage which Davis had sustained? Surely not the whole amount of his executions. For, if Wickliffe had acted without, or contrary to authority, the defendants in the executions are still liable to Davis. . He might quash the returns on the executions, and force them to pay the whole amount of the costs, in specie. There is no averment that he cannot do, oí has not done this, nor is it averred, that the defendants in the executions, are insolvent, or that in any way, Davis will have lost the amount of his costs, unless he can recover it from Wickliffe.
According to the case of Eccles vs. Stephenson, therefore, the verdict was not justified by the pleadings and proof.
Wherefore, the judgment must be reversed, the verdict set aside, and the cause remanded for further proceedings, consistent with this opinion.